# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NORTH DAKOTA

| Thomas Luther Erickson, | ) | |
|---|---|---|
| Plaintiff, | ) | Case No. 3:16-cv-30 |
| vs. | ) | **REPORT AND RECOMMENDATION** |
| Social Security Administration, | ) | |
| Defendant. | ) | |

Plaintiff Thomas Luther Erickson (Erickson), who is proceeding pro se and in forma pauperis, filed a complaint alleging entitlement to Social Security retirement benefits. (Doc. #6). Under 28 U.S.C. § 1915(e)(2), the court may sua sponte review an in forma pauperis complaint. If the court determines that the action is frivolous, malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief, the court must dismiss the complaint.

## Summary

The court should conclude that Erickson has not sufficiently pled his claim, because he has not alleged that he has presented his claim for retirement benefits to the Commissioner of Social Security (Commissioner). Although the court must accept facts alleged in Erickson's complaint as true, the court should determine that his conclusory allegations regarding someone stealing money and drugging him are insufficient to state a facially plausible claim or to put the defendant on notice of the claim and grounds upon which it rests. Therefore, it is recommended that Erickson's complaint be dismissed without prejudice.

## Facts

Erickson completed a complaint form that includes sections addressing the

court's jurisdiction, the plaintiff's claim, and the administrative procedures which the plaintiff has completed. (Doc. #6, pp. 1-4). Under the jurisdiction section of the complaint, Erickson states that he turned 62 in 2015, that he is entitled to "Social Security," but that he does not receive "Social Security." Id. at 1. In the complaint's claim section, Erickson alleges "about a year has past[.] Letter—Social Security—said I can get [Social Security] retirement." Id. at 3. In the administrative procedures section of the complaint, he asserts that "these people ste[a]l the money." Id. Additionally, on the civil cover sheet filed with his complaint, Erickson states "you illegally drugged me." (Doc. #6-1, p. 1) (spelling altered).

## Discussion

Because Erickson is proceeding in forma pauperis, his claim is subject to initial screening prior to service on the defendant. In conducting this screening, the court is to identify cognizable claims and to dismiss any claims that are frivolous, malicious, fail to state a claim, or seek monetary relief from an immune defendant. 28 U.S.C. § 1915(e)(2).

To state a cognizable claim, the complaint must meet the requirements of Federal Rule of Civil Procedure 8(a)(2), as interpreted by Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), Ashcroft v. Iqbal, 556 U.S. 662 (2009), and their progeny. To meet the Twombly/Iqbal standard, a complaint must present a "plausible" claim and must give the defendant fair notice of the claim and grounds upon which it rests. Twombly, 550 U.S. at 555-56. When the factual content of a complaint allows the court to reasonably infer that the defendant is liable for the alleged misconduct, the complaint has stated a facially plausible claim. Iqbal, 556 U.S. at 678. While facts alleged in the complaint are accepted as true, conclusory allegations of the elements of a cause of action are

insufficient to state a claim that is plausible on its face. Id. In construing a pro se complaint, a court is to take a liberal approach and is to hold a pro se litigant to a less stringent pleading standard than would be required of attorneys. Erickson v. Pardus, 551 U.S. 89, 93 (2007).

The court should construe Erickson's complaint as asserting a claim for denial of Social Security retirement benefits. The Social Security Act provides:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, . . . may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

28 U.S.C. § 405(g) (emphasis added). Presenting a claim to the Commissioner is therefore the first prerequisite to seeking judicial review.[1] Linquist v. Bowen, 813 F.2d 884, 887 (8th Cir. 1987) (citing Bowen v. New York, 476 U.S. 467, 483 (1986); Mathews v. Eldridge, 424 U.S. 319, 328 (1976)). "Presentment is procedurally necessary to establish entitlement to benefits, and presentment of a claim is the natural first step that any individual seeking benefits would take." Linquist, 813 F.2d at 887. The presentment requirement is nonwaivable.[2] Bowen, 476 U.S. at 483 (quoting Mathews, 424 U.S. at 328).

Even liberally construing the complaint, the court should not conclude that Erickson has presented his claim for retirement benefits to the Commissioner. Erickson alleges only that he is 62 years old, that he is entitled to retirement benefits, but that he

---

[1] The second prerequisite to judicial review requires the claimant to fully exhaust administrative remedies. Linquist v. Bowen, 813 F.2d 884, 887 (8th Cir. 1987).

[2] The exhaustion requirement, unlike the presentment requirement, may be waived. Bowen, 476 U.S. at 483.

3

does not receive those benefits. Erickson's reference to a "[l]etter—Social Security—said I can get retirement," (Doc. #6, p. 6), is insufficient to allege that he has presented his claim to the Commissioner or that he has received a final decision from the Commissioner.

Further, in the section of his complaint relating to administrative procedures, Erickson does not assert that he has presented his claim for retirement benefits to the Commissioner; rather, he states only that "these people ste[a]l the money." Id. Erickson also alleges that "you illegally drugged me." (Doc. #6-1, p. 1) (spelling altered). While the court must accept facts alleged in the complaint as true, the court should determine that Erickson's conclusory allegations regarding someone stealing money and drugging him are insufficient to state a claim that is plausible on its face. See Iqbal, 556 U.S. at 678. Moreover, the court should conclude that Erickson's allegations are insufficient to give the defendant fair notice of the claim and grounds upon which it rests. Twombly, 550 U.S. at 555. Therefore, the court should dismiss Erickson's complaint without prejudice.

## Conclusion

For the above-stated reasons, it is **RECOMMENDED** that Erickson's complaint be **DISMISSED** without prejudice. It is further **RECOMMENDED** that the court find that any appeal would be frivolous, could not be taken in good faith, and may not be taken in forma pauperis.

Dated this 17th day of March, 2016.

 */s/ Alice R. Senechal*  
Alice R. Senechal  
United States Magistrate Judge

**NOTICE OF RIGHT TO OBJECT**

Pursuant to Federal Rule of Civil Procedure Rule 72(a) and (b) and District of North Dakota Civil Local Rule 72.1(D)(2) and (3), any party may object to this Report and Recommendation by filing with the Clerk of Court no later than **March 31, 2016**, a pleading specifically identifying those portions of the Report and Recommendation to which objection is made and the basis of any objection. Failure to object or to comply with this procedure may forfeit the right to seek review in the Court of Appeals.